IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,680-02






EX PARTE LLOYD DEAN CLAYTON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2005-1581-C2B IN THE 54TH DISTRICT COURT


FROM MCLENNAN COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of felony driving
while intoxicated and sentenced to life imprisonment. The Tenth Court of Appeals affirmed his
conviction. Clayton v. State, No. 10-06-00254-CR (Tex. App. - Waco, 2007, pet. ref'd) (not
designated for publication).

 Applicant contends that his trial counsel rendered ineffective assistance because counsel
failed to investigate Applicant's prior criminal history and therefore did not know that Applicant had
been charged with murder and not capital murder as the prosecutor argued. Applicant alleges that
counsel was objectively deficient when he failed to object the prosecutor's argument that Applicant
had pleaded guilty to murder and received a life sentence in order to avoid facing a capital murder
charge and the death penalty. Applicant alleges that the prosecutor made this argument in the
guilt/innocence phase and again in the punishment phase, but that counsel never objected. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984). In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
findings of fact. The trial court shall provide Applicant's trial counsel with the opportunity to
respond to Applicant's claim of ineffective assistance of counsel in that it shall order counsel to file
an affidavit addressing: (1) whether counsel investigated Applicant's criminal background and, if
so, whether counsel discovered that Applicant was charged with murder and not capital murder as
the prosecutor argued; and, (2) whether counsel objected to the prosecutor's argument that Applicant
previously had faced capital murder charges in the guilt/innocence phase and the punishment phase
and if not, the strategic reason counsel decided not to object. The trial court may use any means set
out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on
its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial 
counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. 
Specifically, the trial court shall make findings of fact as to whether counsel investigated Applicant's
criminal background and, if so, whether counsel was aware that Applicant had faced murder charges
and not capital murder charges as the prosecutor argued. Further, the trial court shall make findings
of fact as to whether counsel object to the prosecutor's argument that Applicant had faced capital
murder charges in the guilt/innocence phase and the punishment phase and, if not, the strategic
reason counsel decided not to object. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: December 17, 2008

Do not publish